**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SEAN C. HIGGINS,
              Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
              Agency.

DOCKET NUMBER
AT-0752-15-0282-X-1

DATE: November 10, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joree Gunn Brownlow, Cordova, Tennessee, for the appellant.

Bradley Flippin, Nashville, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1       The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in partial noncompliance with the Board's October 20, 2015 Order, which directed the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency to cancel the appellant's removal and to retroactively restore him to duty, effective August 8, 2014.  *Higgins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-15-0282-C-1, Compliance File, Tab 22, Compliance Initial Decision (CID).  The matter was referred to the Board for consideration.  *See* 5 C.F.R. § 1201.183.  For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

¶2  In the compliance initial decision, the administrative judge found that the agency established that it paid the appellant back pay, including the appropriate amounts of interest; that the appellant was not entitled to overtime pay; and that the agency did not violate the Board's status quo ante order when it failed to provide the appellant evidence that it had repaid the State of Tennessee for unemployment compensation payments.  CID at 3-7.  The administrative judge further found that the agency did not violate the status quo ante order when it failed to modify the appellant's W-2 statements, or when it assigned him to the position he currently holds.  CID at 8-9.  Specifically, the administrative judge found that the agency had attempted to return the appellant to the position from which he was removed, but that the appellant objected to this.  Therefore, the agency placed him in another position.  CID at 9.

¶3  The administrative judge found that the agency had not established compliance with two other aspects of the Board's order, and therefore held that the agency must explain its withholding rate for Federal income tax and its back pay calculations.  CID at 9-11.

Initial Responses

¶4  In response, the agency explained the changes in the appellant's hourly rate of pay as follows:  the back pay period ran from the pay period beginning August 10, 2014, through the pay period ending on December 12, 2014.  *Higgins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-15-0282-X-1,

Compliance Referral File (CRF), Tab 1 at 5.  On January 12, 2014, the appellant received a general adjustment increasing his annual salary.  *Id.* at 5.  The appellant received another general adjustment on January 11, 2015.  *Id.*  He received a within-grade increase from GS-5, Step 5 to GS-5, Step 6 on October 18, 2015.  *Id.*

¶5    Regarding income-tax withholding, the agency indicated that the gross back pay awarded to the appellant totaled $49,968.00 and was offset by interim earnings of $5,844.73, unemployment earnings of $7,150.00, and a lump sum payment for unused annual leave of $962.08.  *Id.* at 6.  The adjusted gross back pay amount was therefore $36,011.19.  *Id.*  The taxable amount for the pay period also included current pay period earnings of $1,445.60 and interest of $1,014.65, for total earnings of $38,471.43.  *Id.*  The agency stated that the amount of taxes withheld on the back pay award was calculated by the Defense Finance and Accounting Service (DFAS).  *Id.* at 7.  Because the back pay award was included in the appellant's regular pay stub for the pay period ending March 19, 2016, and was identified as a separate payment, DFAS used method 1b of the withholding guidance contained in section 7 of Circular E, resulting in a withholding amount of $15,405.39.  *Id.*

¶6    The appellant submitted a response on May 10, 2017, alleging that his back pay award was "taxed twice" and that benefits were deducted from the award twice.  CRF, Tab 4 at 5.  He also reiterated his claims that he should have been granted overtime during the back pay period; that the agency failed to return him to work by the deadlines set by the Board; and that the agency had not reimbursed the State of Tennessee for his unemployment compensation.  *Id.* at 4-5, 8-10.  He further alleged that the wrong entry-on-duty date was entered into his electronic official personnel file.  *Id.* at 11-12.  Finally, he alleged that the agency placed him on leave without pay status without his knowledge and that this constituted a constructive termination.  *Id.* at 16.

¶7      The Board issued an order on July 24, 2017, directing the agency to provide an explanation of taxes withheld from the appellant's back pay award, including resulting overpayments and garnishments; an explanation of the pay rates used to calculate the back pay award, including an explanation of whether scheduled within-grade increases were granted; confirmation of the entry-on-duty date used; and a response to the appellant's allegations that the agency had subjected him to reprisal. CRF, Tab 7.

Subsequent Responses

¶8      The agency submitted a response on August 8, 2017, stating that initially DFAS had mistakenly included the appellant's interim earnings as taxable income for tax-withholding purposes. CRF, Tab 8 at 5. That mistake was corrected, and a corrected Wage and Tax statement for 2016 was sent to the appellant in April 2017. *Id.* at 6. The agency also stated that there were no wage garnishments related to tax withholding; however, the appellant was subject to a tax levy by the Internal Revenue Service, apparently due to unpaid Federal income taxes or related penalties. *Id.* at 6. The agency further identified three "debts" that resulted from the following errors in DFAS's back pay calculations: (1) an incorrect double payment for the pay period ending August 19, 2014, resulting in an overpayment of $1,374.40; (2) the failure to initially withhold Thrift Savings Plan deductions from the appellant's back pay award in March 2016, resulting in a debt of $308.57; and (3) payment for time not actually worked during the pay period ending March 18, 2017, resulting in an overpayment of $541.62. *Id.* at 6-7.

¶9      Concerning the issue of within-grade pay increases, the agency stated that, when he was removed on August 8, 2014, the appellant was a GS-5, Step 5. *Id.* at 9. After the Board reversed the removal, the agency reinstated the appellant and retroactively promoted him to Step 6 effective October 18, 2015, which was the date he would have been eligible for the increase to Step 6 had the removal

not occurred.  *Id.*  The appellant would not be eligible for another step increase until October 2017.  *Id.*

¶10    The agency stated that the appellant's entry-on-duty date is not incorrect in his official personnel file, as alleged.  *Id.* at 10.  Rather, the agency maintained that there is an incorrect entry-on-duty date in his internal electronic time and attendance system, known as VISTA, which does not reflect the date contained in his official personnel file.  *Id.*  The agency stated that the date shown in VISTA has no effect on the appellant's salary or other benefits of employment.  *Id.*  The agency explained this discrepancy as follows:  when the 2014 removal action was cancelled, the appellant had to be re-entered into the VISTA system as a "new" employee, effective August 8, 2014, which resulted in that date being entered as his start date.  *Id.*  The agency added that it has been unable to alter this date in the system.  *Id.*

¶11    The agency denied engaging in reprisal against the appellant, noting that the supervisor that the appellant alleged was retaliating against him has not worked at the Memphis VA Medical Center since early 2016 and has not been the appellant's supervisor since that time.  CRF, Tab 8 at 11.

¶12    The appellant responded on August 22, 2017, again reiterating that the agency did not provide an adequate explanation of its back-pay figures; that he had been "double taxed" on his back pay; that his entry-on-duty date was incorrect; and that he was returned to a position in Logistics rather than his previous position.  CRF, Tab 9.  The appellant further asserted that he was not returned to work by the deadlines set forth in the Board's order, that he was subject to a "tax levy," and that his leave was not properly restored.  *Id.* at 10-11.  Finally, the appellant asserted that he was subject to unspecified reprisal by the agency and that he was subsequently subjected to termination.  *Id.* at 11.

**ANALYSIS**

¶13    When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005).  The agency bears the burden to prove its compliance with a Board order.  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).  The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance."  *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶14    We find that the agency has submitted sufficient evidence to establish its compliance with the Board's order.  As discussed above, the agency submitted evidence indicating that the initial errors in the back pay calculations have been resolved and that the appellant has now received the appropriate amount of back pay.  The agency also has explained the discrepancies in tax withholding, as well as the appellant's entry-on-duty date.  The appellant has not convincingly countered the agency's evidence and explanations.  Rather, he has merely reiterated the same objections he made previously, without substantively addressing the additional evidence and explanations submitted by the agency.  As the appellant has not made any specific allegations of reprisal, we find that no such reprisal has occurred.  If the appellant intended to raise claims of reprisal going beyond the compliance process, he can file a new appeal addressing those claims.  Likewise, if the appellant is attempting to appeal his termination, he must file a new appeal with the Board to do so, as this allegation is beyond the scope of this enforcement proceeding.

¶15    In light of the agency's evidence of compliance, we find the agency in compliance and dismiss the petition for enforcement.  This is the final decision of

the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action

was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.